******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MALKIE WIEDERMAN *v.* ISSAC HALPERT ET AL.
## (SC 20066)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.*

Argued December 20, 2018—officially released December 17, 2019

*Procedural History*

Action to recover damages for, inter alia, breach of fiduciary duty, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the named defendant et al. filed a counterclaim; thereafter, the action was withdrawn as against the defendant Judah Liberman; subsequently, the defendant 58 North Walnut, LLC, et al. were defaulted for failure to appear; thereafter, the named defendant et al. were defaulted for failure to appear at a trial management conference; subsequently, following a hearing in damages, the court, *Brazzel-Massaro, J.*, rendered judgment for the plaintiff, and the named defendant et al. appealed to the Appellate Court, *DiPentima, C. J.*, and *Sheldon* and *Mihalakos, Js.*, which reversed in part the trial court's judgment and vacated the award of punitive damages, and the named defendant et al., on the granting of certification, appealed to this court. *Appeal dismissed.*

*Kerry M. Wisser*, with whom, on the brief, was *Sarah Black Lingenheld*, for the appellants (named defendant et al.).

*Taryn D. Martin*, with whom, on the brief, was *Robert A. Ziegler*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Malkie Wiederman, commenced this action arising out of a real estate investment agreement with the defendants Issac Halpert and Marsha Halpert,[1] seeking, inter alia, to recover damages for breach of fiduciary duty, fraud, conversion, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. After the trial court rendered a judgment of default against the defendants for failing to appear at a trial management conference, it held a hearing to determine damages. On the basis of the evidence presented by the plaintiff at that hearing, at which the defendants also failed to appear, the trial court awarded the plaintiff $600,892.58 in compensatory and punitive damages, attorney's fees and costs. Thereafter, the defendants moved to open the judgment rendered against them and to enjoin the plaintiff from enforcing it. The trial court, noting both that the defendants received multiple notices to new and old addresses and that Issac Halpert failed to appear and to testify at the hearing on damages despite being personally served by subpoena, denied their motion. The defendants then appealed from the trial court's denial of their motion to open, claiming, inter alia, that the trial court lacked subject matter jurisdiction over the plaintiff's claims because the alleged injuries sustained by her were derivative of the harm suffered by the limited liability companies of which she and the defendants were members, and, as such, the plaintiff lacked standing to recover directly. See *Wiederman* v. *Halpert*, 178 Conn. App. 783, 793, 176 A.3d 1242 (2017). The Appellate Court rejected the defendants' claim, concluding that, because the plaintiff sufficiently alleged an injury that was separate and distinct from that suffered by the limited liability companies[2]—as she alleged, among other things, that the defendants forged her signature on certain financial documents[3]—the trial court had properly exercised subject matter jurisdiction over her direct claims. See id., 797–98. We granted the defendants' petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly uphold the determination of the trial court that the plaintiff had standing to sue?" *Wiederman* v. *Halpert*, 328 Conn. 906, 177 A.3d 1161 (2018).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Robinson and Justices Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker. Although Justice Palmer was not present when the case was argued before the court, he has read the briefs and appendices, and listened to a recording of oral argument prior to participating in this decision.

[1] The operative complaint also named several other defendants; they are not parties to this appeal. See *Wiederman* v. *Halpert*, 178 Conn. App. 783, 785 n.1, 176 A.3d 1242 (2017). All references herein to the defendants are to Issac Halpert and Marsha Halpert.

[2] We have explained that, "where an injury sustained to a [shareholder] . . . is peculiar to him alone, and does not fall alike upon other shareholders, the shareholder has an individual cause of action." *Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 282 n.9, 422 A.2d 311 (1979). Consequently, we observe that the circumstances in this case differ from the situation in which a member of a closely held limited liability company attempts to bring otherwise derivative claims in a direct action. See *Saunders* v. *Briner*, 334 Conn.    ,    ,    A.3d    (2019) (adopting rule permitting trial courts to treat otherwise derivative claims in direct action when brought by sole member of limited liability company if it finds that certain criteria are met).

[3] We observe that the plaintiff introduced evidence at the hearing in damages that, through forging her signature on various documents, the defendants created a situation in which the plaintiff, rather than the limited liability companies, was held personally liable to repay refinance debt on at least two of the development properties. The trial court found that "[t]he exhibits provide[d] abundant support for damages as to [several counts including] count . . . four," which alleged forged financing documents.